IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Paul Tarashuk, Personal Representative of the Estate of Paul David Tarashuk, Deceased,<br>                Plaintiff,<br>v.<br>Orangeburg County; Orangeburg County Emergency Medical Services; Danny Rivers, Individually and in his Official Capacity as the Director of Orangeburg County Emergency Medical Services; The Orangeburg County Sheriff's Office; Leroy Ravenell, Individually and in his Official Capacity as the Sheriff of the Orangeburg County Sheriff's Office; The South Carolina Department of Public Safety; Leroy Smith, Individually and in his Official Capacity as the Agency Director of the South Carolina Department of Public Safety; The Town of Santee; The Santee Police Department; Joseph Serrano, Individually and in his Official Capacity as the Chief of Police of the Town of Santee; Jamie D. Givens; Alison K. B. Harmon; Clifford A. Doroski; Fred D. Rice; Buist M. Smith; and Keith A. Cline,<br>                Defendant. | Civil Action No. 5:19-cv-02495-JMC<br><br>**ORDER AND OPINION** |

Plaintiff Paul Tarashuk ("Plaintiff") filed this action in his capacity as the Personal Representative of the Estate of Paul David Tarashuk against Defendants the Town of Santee ("Town") and the Santee Police Department ("SPD"), alleging claims under 42 U.S.C §1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12101-12213 (1990). (ECF No. 1-5 at 63-66, 70-72.)

The Town filed the instant Motion to Dismiss (ECF No. 13) pursuant to Federal Rule of Civil Procedure 12(b)(6) on behalf of the SPD. For the reasons set forth below, the court **GRANTS** the Town's Motion to Dismiss.

      **I.**      **FACTUAL AND PROCEDURAL BACKGROUND**

1

This suit stems from the alleged wrongful death of Paul David Tarashuk ("Tarashuk"). Plaintiff alleges that Tarashuk had a schizophrenic event while he was traveling southbound on I-95 on September 9, 2018. (ECF No. 1-5 at 4 ¶ 1, 12 ¶ 44.) He claims that after Tarashuk's car was "run off the road", Tarashuk stripped his clothes off, hopped onto the catwalk of a tractor-trailer, and traveled eleven miles on the catwalk before pulling off the truck's brake lines. (*Id.* 4 ¶ 1, 12 ¶ 46.) Plaintiff maintains that when the truck pulled over, Tarashuk jumped into traffic on I-95 and was nearly killed. (*Id.* at 4 ¶ 1.)

The Complaint (ECF No. 1-5) asserts that around 11:30 p.m., SPD Officers Smith and Cline responded to the scene, found a naked Tarashuk speaking "gibberish", and detained Tarashuk in a patrol car. (*Id.* at 14 ¶ 59, 15 ¶¶ 65-66.) It claims that South Carolina Highway Patrolmen Rice and Richardson and Orangeburg County Sheriff Deputies Doroski and Howell later arrived on the scene and found that Tarashuk was "not coherent." (*Id.* at 16-17 ¶¶ 75-77.) The Complaint alleges that Orangeburg EMS subsequently arrived and evaluated Tarashuk. (*Id.* at 5 ¶ 4.) It maintains that after Tarashuk told the EMTs that he did not want to go to jail or a hospital, Deputy Doroski drove Tarashuk to Santee and left him in a gas station parking lot at 1:56 a.m. with no shirt, shoes, wallet, cell phone, or identification. (*Id.* at 28-29 at ¶ 140, 30-31 ¶ 151.) Shortly thereafter, Tarashuk wandered back onto I-95 and was struck and killed by a motorist. (*Id.* at 5 ¶ 7.)

Plaintiff filed this case on July 31, 2019 in the Orangeburg County Court of Common Pleas, claiming that the Town and the SPD negligently supervised their employees in contravention of § 1983 and violated the ADA by failing to transport Tarashuk to a hospital for a mental health examination. (*Id.* at 3, 63-66, 70-72.) On September 4, 2019, Defendants removed the case to this court. (ECF No. 1.) The Town then moved on behalf of SPD to dismiss all claims against the

SPD under Rule 12(b)(6) on September 11, 2019. (ECF No. 13.) Plaintiff filed a Response (ECF No. 17) on September 25, 2019.

## II. JURISDICTION

This court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 because the Complaint alleges violations of the laws of the United States. Plaintiff alleges that the Town and the SPD violated Tarashuk's civil rights in contravention of § 1983, which permits an injured party to bring a civil action against a person who, acting under color of state law, ordinance, regulation, or custom, causes the injured party to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws." (ECF No. 1-5 at 70-72.) He also claims that the Town and the SPD discriminated against Tarashuk in violation of the ADA. (*Id.* at 63-66.)

## III. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "In considering a 12(b)(6) challenge to the sufficiency of a complaint, this Rule must be applied in conjunction with the liberal pleading standard set forth in Federal Rule of Civil Procedure 8(a)." *Jenkins v. Fed. Bureau of Prisons*, C/A No. 3:10-1968-CMC-JRM, 2011 WL 4482074, at *2 (D.S.C. Sept. 26, 2011). Under Rule 8(a), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). When considering a Rule 12(b)(6) motion, the court should accept all

3

well-pleaded allegations as true and view the complaint in the light most favorable to the plaintiff. *See e.g.*, *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

## IV.     ANALYSIS

The Town asserts on behalf of the SPD that Plaintiff's claims against the SPD should be dismissed because the Complaint insufficiently alleges that the SPD is a legal entity separate and distinct from the Town. (ECF No. 13 at 2.) The Town maintains that the allegations in the Complaint only suggest that the SPD is a subsidiary department of the Town. (*Id.*)

Plaintiff counters that the allegations in the Complaint support a claim against the SPD under the ADA. (ECF No. 17 at 5.) He contends that the Complaint sufficiently alleges that the SPD is a "public entity" under the ADA because it asserts that the SPD is an agency of the State of South Carolina, Officers Smith and Cline were employed by the SPD, and Officers Smith and Cline were acting under the control of the SPD. (*Id.*) However, Plaintiff agrees to dismiss the § 1983 claim against the SPD because "several South Carolina district court decisions have dismissed claims against municipal police departments on the grounds that such departments are not 'persons' under Section 1983." (*Id.* at 4.)

Although not cited by the parties, Federal Rule of Civil Procedure 9(a) details the requirements for pleading a party's capacity to be sued. Under Rule 9(a), a pleading does not have to allege "a party's capacity to sue or be sued" or "the legal existence of an organized association of persons that is made a party." Fed. R. Civ. P. 9(a). However, a court may dismiss a complaint for lack of pleading a party's capacity to be sued when the lack of capacity appears on the face of the complaint or an opposing party has made a specific negative averment in a responsive pleading. *See id.*; 5A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1292 (4th ed. 2020);

4

*In re K-Dur Antitrust Litigation*, 338 F. Supp. 2d 517, 540 (D.N.J. 2004); *Brown v. Williamson*, 134 F. Supp. 2d 1286, 1291 (M.D. Ala. 2001). In its Motion to Dismiss, the Town challenges the SPD's capacity to be sued, contending that the SPD is a subsidiary of the town rather than a separate legal entity subject to suit. (*See* ECF No. 13.)

State law determines when a governmental agency has the capacity to be sued in federal court. Fed. R. Civ. P. 17(b)(3); *see also Avery v. Burke*, 600 F.2d 111, 113–14 (4th Cir. 1981) ("The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held."). Under South Carolina law, a police department is a subsidiary of a municipality rather than an independent legal entity with the capacity to sue and be sued. The South Carolina Code of Laws provides that municipalities have the authority to provide police protection and enact regulations in relation to law enforcement. S.C. Code Ann. § 5-7-30 (2019). It also gives municipalities the power to establish police departments and appoint police officers. *Id.* §§ 5-9-30 (1975), 5-9-40 (1976), 5-7-110 (1993). Since the SPD is not a separate legal entity from the Town under South Carolina law, it lacks the capacity to be sued in federal court under Rule 17(b)(3).

As a result, the court dismisses Plaintiff's § 1983 and ADA claims against the SPD. This decision is consistent with rulings from other courts. *See e.g.*, *Bowie v. Henderson Police Dept.*, No. 5:12–CV–514–FL, 2012 WL 5392116 (E.D.N.C. Nov. 5, 2012) (dismissing claims against police department under Rule 12(b)(6) because police departments are not independent legal entities under North Carolina law); *Ball v. City of Coral Gables*, 548 F. Supp. 2d 1364 (S.D. Fla. 2008) (finding that police departments are not legal entities subject to suit under Florida law); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("police departments are not usually considered legal entities subject to suit").

5

## V.     CONCLUSION

For the foregoing reasons, the court **GRANTS** the Town's Motion to Dismiss (ECF No. 13) and **DISMISSES** Plaintiff's § 1983 and ADA claims against the SPD.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 11, 2020
Columbia, South Carolina