# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Paul Tarashuk, *Personal Representative of the Estate of Paul David Tarashuk*, | ) ) ) |
| | ) Civil Action No.: 5:19-cv-02495-JMC |
| Plaintiff, | ) ) |
| v. | ) ) |
| Orangeburg County, Orangeburg County Emergency Medical Services, Danny Rivers, *Individually and in his Official Capacity as the Director of Orangeburg County Emergency Medical Services*, Orangeburg County Sheriff's Office, Leroy Ravenell, *Individually and in his Official Capacity as the Sheriff of the Orangeburg County Sheriff's Office*, South Carolina Department of Public Safety, Leroy Smith, *Individually and in his Official Capacity as the Agency Director of the South Carolina Dept. of Public Safety*, Town of Santee, Joseph Serrano, *Individually and in his Official Capacity as the Chief of Police of the Town of Santee*, Jamie D. Givens, Alison K.B. Harmon, Clifford A. Doroski, Buist M. Smith, and Keith A. Cline, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **ORDER AND OPINION** **(ELEVENTH AMENDMENT IMMUNITY)** |
| Defendants. | ) ) |

Plaintiff has brought claims under, *inter alia*, 42 U.S.C. § 1983 alleging negligent supervision and/or training against various Defendants. In response to these and other claims, the above-captioned Defendants filed five Motions for Summary Judgment. (ECF Nos. 79 through 83.) Currently at issue is whether Defendants South Carolina Department of Public Safety ("DPS"), DPS Director Leroy Smith in his official capacity, the Orangeburg County Sheriff's Office ("OCSO"), and OCSO Sheriff Leroy Ravenell in his official capacity (collectively, "State

Defendants") are immune from suit regarding the claims under section 1983. (*See* ECF Nos. 80-1 at 17-18; 83-1 at 19-20.)

For the following reasons, the court concludes the section 1983 claims for negligent supervision and/or training shall be dismissed against the State Defendants as follows: the Tenth Cause of Action against the OCSO and Sheriff Ravenell in his official capacity;[1] and the Eleventh Cause of Action against DPS and Director Smith in his official capacity.[2] Accordingly, the court **GRANTS IN PART** and otherwise **DEFERS RULING** on the Motions for Summary Judgment filed on behalf of the State Defendants. (ECF Nos. 80, 83.)

As brief background,[3] a little before 6:00 a.m. on September 10, 2018, a vehicle hit and killed Paul David Tarashuk ("Tarashuk") while he was a pedestrian on I-95. (ECF No. 1-5 at 29 ¶¶ 152-53.) The night before, near 11:00 p.m., a truck driver called 911 to report that a man, later identified as Tarashuk, had climbed naked onto the trucker's tractor trailer at an on-ramp; rode on the catwalk while the truck traveled on I-95; detached "air lines" to the truck's brakes, forcing the truck to stop; and repeatedly attempted to enter the cab while the truck sat parked on the highway's shoulder.[4] (*See* ECF Nos. 80-1 at 2-3; 94 at 3-4; 94-6 at 1-3.) Officers from three law enforcement agencies eventually responded, questioned Tarashuk, and received incoherent, bizarre, and/or inconsistent responses.[5] (ECF No. 81-2 at 2.) EMS was requested, which later arrived at the scene and began evaluating Tarashuk. (ECF No. 1-5 at 13 ¶ 65, 15 ¶ 76, 22 ¶ 119.) Around 2:00 a.m.

---

[1] The court's Order does not address the pending section 1983 claim against Sheriff Ravenell in his individual capacity in the Tenth Cause of Action.
[2] The court's Order does not address the pending section 1983 claim against Director Smith in his individual capacity in the Eleventh Cause of Action.
[3] Additional background is available in the court's prior Orders. (*See* ECF Nos. 118, 119.)
[4] The Complaint alleges Plaintiff was suffering from a schizophrenic event while traveling down I-95 and was run off the road between 9:00 p.m. and 11:00 p.m. (ECF No. 1-5 at 10 ¶ 44-47.)
[5] Law enforcement and OCEMS were unaware of Plaintiff's identity throughout their interactions as he refused or was unable to state his full name and carried no identification.

the next morning, a deputy dropped Tarashuk off at a gas station with no money, cell phone, or identification, while wearing nothing but red shorts provided by the trucker. (*See* ECF No. 96-16 at 4.) Tarashuk found his way back to I-95 and died later that morning.

Subsequently, Plaintiff's Estate filed suit against the above-captioned Defendants. (*See* ECF No. 1-5.) Defendants removed the matter to federal court in September 2019. (*See* ECF No. 1.) Currently, the court examines Plaintiff's claims under section 1983 for negligent supervision and/or training against the State Defendants, and whether the State Defendants are entitled to immunity.

When a defendant raises the jurisdictional issue of immunity, the court must resolve this threshold matter prior to addressing the merits of the plaintiff's claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (discussing the importance of establishing proper jurisdiction before considering the merits of a claim). The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. Though not explicitly stated in the language of the amendment, courts have long held that this guarantee also protects a state from federal suits brought by its own citizens, not only from suits by citizens of other states. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). "The ultimate guarantee of the Eleventh Amendment is that non-consenting States may not be sued by private individuals in federal court."[6] *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). Sovereign

---

[6] South Carolina has not consented to being sued in federal court. *See* S.C. Code Ann. § 15-78-20(e) (1988) ("Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina.").

3

immunity under the Eleventh Amendment "is concerned not only with the States' ability to withstand suit, but with their privilege not to be sued" in the first instance. *Alabama v. North Carolina*, 560 U.S. 330, 362 (2010) (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147, n.5 (1993)).

State agencies "that may be properly characterized as arms of the State . . . are also entitled to the same immunity as the state itself. *Harter v. Vernon*, 101 F.3d 334, 337 (4th Cir. 1996) (citing *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); (internal quotation marks omitted). This immunity may likewise extend to "state employees acting in their official capacity[.]" *See id.* (citation omitted).

Here, the court finds DPS and OCSO, as well as Director Smith and Sheriff Ravenell in their official capacities, are immune from suit regarding Plaintiff's claims under section 1983. It appears undisputed that DPS, OCSO, and Director Smith and Sheriff Ravenell (in their official capacities) are considered "arms of the State." Further, by statute, South Carolina has explicitly disclaimed any waiver of immunity from suit in federal court. *See* S.C. Code § 15-78-20(e). Despite this, Plaintiff maintains the State Defendants have waived Eleventh Amendment immunity by removing the instant case to federal court. (ECF Nos. 94 at 25; 104 at 41 (first citing *Wingate v. Byrd*, 2017 WL 10518177 (D.S.C. Jan. 20, 2017), and then citing *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 481 (4th Cir. 2005)).)

Yet the court finds this argument without merit. In *Stewart v. North Carolina*, which is binding precedent and directly on point, the United States Court of Appeals for the Fourth Circuit explained that removal does not waive a state's sovereign immunity so long as "one or more claims fall within the subject matter jurisdiction of the district courts." 393 F.3d 484, 490 (4th Cir. 2005). The Fourth Circuit concluded that, because the "district court possessed jurisdiction over Stewart's

[section] 1983 claims . . . the entire case met the criteria for removal." *Id.* In justifying this decision, the Fourth Circuit expounded:

> North Carolina chose to employ the removal device to have the issue of sovereign immunity resolved in a federal, rather than a state, forum. We see nothing inconsistent, anomalous, or unfair about permitting North Carolina to employ removal in the same manner as any other defendant facing federal claims. We therefore hold that North Carolina, having not already consented to suit in its own courts, did not waive sovereign immunity by voluntarily removing the action to federal court for resolution of the immunity question

*Id.* *See Passaro v. Virginia*, 935 F.3d 243, 247 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 903 (2020) (affirming the holding in *Stewart*). Just as in *Stewart*, it appears the State Defendants did not waive sovereign immunity through removal because the instant case includes federal claims under section 1983. Thus, the court finds the State Defendants are entitled to immunity.

Accordingly, the court **GRANTS IN PART** and otherwise **DEFERS RULING** on the Motions for Summary Judgment filed on behalf of the State Defendants. (ECF Nos. 80, 83.) Specifically, the claims under section 1983 against the State Defendants are subject to dismissal as follows: the Tenth Cause of Action against the OCSO and Sheriff Ravenell in his official capacity;[7] and the Eleventh Cause of Action against DPS and Director Smith in his official capacity.[8]

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 26, 2021
Columbia, South Carolina

---

[7] The court's Order does not address the pending section 1983 claim against Sheriff Ravenell in his individual capacity in the Tenth Cause of Action.

[8] The court's Order does not address the pending section 1983 claim against Director Smith in his individual capacity in the Eleventh Cause of Action.